## Ostrowski v. Barczynski

*Thomas S. Mszanowski*, for plaintiff.
*C. Harrison Lund*, for defendant.

EVANS, J., November 18, 1942.—This matter presents a very interesting problem, and requires the in-

terpretation of Federal acts extending relief and benefits to persons in the military service.

Defendant entered into a written lease with plaintiff, beginning April 1, 1942, and expiring March 31, 1943, for property in which defendant conducted a grocery store and where for that purpose he installed and maintained a stock of groceries and store fixtures. On October 5th and 6th he proceeded to sell out his grocery stock and advertised the same in large lots at bargain prices. On October 8th he informed plaintiff that he was going out of business because he expected to be drafted into the service of the United States armed forces. Written notice, however, was not given the landlord until after a sheriff's levy, made under circumstances hereinafter described. Rent up to and including the month of October has been paid and tender is made of the stipulated price of $40 per month for November. The landlord, to protect her interests, and relying upon that part of the lease contract providing for acceleration of rent in case of a manifestation to remove from the premises during the term of the lease, entered judgment for the amount due for the balance of the term and issued an execution thereon. A petition to open and to strike off the judgment was filed. This petition alleges that there was no manifestation to remove, and testimony on that point was taken. An amendment to the petition was filed November 17, 1942, alleging that defendant, on October 23, 1942, was ordered to report for induction into the military service of the United States, and, further, that on November 17, 1942, defendant was actually inducted into the military service. These allegations and written notice thereof to plaintiff are admitted.

Articles I, II, and III of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, 50 U. S. C. §510, provide for certain exemptions and relief from process to those in the military service, but in that act "military service" is designated as

meaning "active service" in the military forces. The Soldiers' and Sailors' Civil Relief Act amendment of October 6, 1942, 56 Stat. at L. 769, amends article I of the Act of 1940 by adding, among others, section 106, as follows:

"Any person who has been ordered to report for induction under the Selective Training and Service Act of 1940, as amended, shall be entitled to the relief and benefits accorded persons in military service under articles I, II, and III of this Act [1940] during the period beginning on the date of receipt of such order and ending on the date upon which said person reports for induction." Article III of the Act of 1940 is amended by adding at the end thereof section 304, as follows: "(1) The provisions of this section shall apply to any lease covering premises occupied for dwelling, professional, business, . . . purposes . . . " and "(2) Any such lease may be terminated by notice in writing delivered to the lessor . . . by the lessee at any time following the date of the beginning of his period of military service."

It is the contention of defendant that the amendment under section 106 includes, as to those who are ordered to report for induction, all the exemptions and privileges accorded by the act generally to those in the military service. The contention of plaintiff is that the amendment under article III, insofar as the right to cancel a lease is concerned, has been extended by such amendment only to those in the military service, and that this defendant is not entitled to the benefit of these provisions.

With no authority to sustain our position, we believe a fair interpretation of the act requires us to support the contention of defendant. Rules of statutory construction are to the effect that where two provisions of an act are in conflict the latter should prevail, but wherever possible an apparent conflict should be reconciled in order that the provisions may be harmoni-

ously construed. In our opinion, the amendment contemplated the extension of all the same privileges and exemptions to those ordered for induction as are by the original act and its amendment extended to a person actually in military service. It is only fair that this should be done, and the present case is an example to illustrate that fact. The final order for induction follows a preliminary physical examination and the placing of an individual in what is known as class 1-A for induction. The order for induction is then issued, and if the draftee passes his final examination he is subject to immediate military service. At the present time he is allowed one week within which to close up his affairs, but this is only by concession from the military authorities which is based upon no requirement of law. During this emergency that rule has been changed so that at one time the draftees were sent away immediately, and at another time they were permitted two weeks' time. Certainly this defendant, who was in business, cannot dispose of his stock and fixtures and wind up his affairs after he is in the Army. He should not be required to wait until the final examination to take steps necessary to protect himself in the sale and disposal of his assets.

The act, as we have construed it, gives the draftee, when he has received his order for induction, the right immediately to proceed to close his business, sell his assets, and surrender his lease. The chance that the final physical examination may exempt him is one which must be borne equally by himself and his landlord.

From the above we conclude that it would be useless to open the judgment, and that the petition to strike the judgment from the record should be granted, only, however, in case defendant pays the November rent in the amount of $40 and the costs accrued to date. The acts of Congress above referred to grant the exemption only in case a written notice of induction into the armed

service is given, and no written notice was given until after the costs had accrued.

And now, to wit, November 18, 1942, the judgment entered at the above term and number is ordered stricken from the records upon the payment of $40, admitted to be due, and the costs of suit to date.